The opinion of the Court was delivered by
Tilghman, C. J.,
after stating the facts.
What was the extent of Evan Owen’s power, as agent of the Ship pens, did not appear. He was examined as a wit *109 ness, and deniéd. being an agent as to the lands in dispute, although he said- he was agent for all their other lands in Briar creek'. It was proved however,, by another witness, that Edward Shippen informed him, that Owen was agent for all his lands on Briar creek. There was no evidence of any written power, nor did the evidence go further than to shew, that Owen. was called in general, Shippen's agent. Supposing him then to have been the agent, and even to have had power to sell the land, (which he had not, because he had no authority in..writing,) his acts, .and his agreements, within the scope of his authority, and his declarations, and representations made in the course of the business, would have been binding on his principal. But these declarations and representations would not "in strict propriety," have been considered as evidence of particular facts, but rather as part of the contract. TÍie general rule', that facts are to be proved'on oath, extends to agents, as well as to other persons; and the exception is confined to acts, statements, or declarations of an agent, while he is employed in making an agreement, or in acting within the scope of his au■thority. Now it is very clear, that the declarations of Evan Oxeen, do not fall within this exception ; for he was making no agreement with Josiah Thomas, who never had it in com templation to purchase the land of Shippen, He was transacting no business of Shippen's, but giving friendly advice and information "to a. person, with- whom Shippen had no concern. If Edward Shippen had declared himself satisfied with the lines run on West's resurvey, and Evan Owen heard him say so, why was not this proved on oath.? What puts the impropriety of this evidence in á glaring point of view that Owen was actually examined on oath as a witness, and proved no such thing, and yet his declaration without oath, went to the jury, and perhaps decided the cause. It has. been said, indeed, that the evidence was admissible, in order to destroy the credit of Owen, who had sworn that he was not an agent, as to this tract of land. It might have been proper to give evidence of Owen's confessions of his being agent, in order to . shew the inconsistency between his oath, and his assertions without oath. But his declarations of what he had heard Mr. Shippen say, respecting the boundaries of th¿ land, was quite a different thing, and had nothing to do *110 with his own inconsistency! That part of the evidence therefore, was clearly improper.
There were other errors, not necessary, to be particularly enquired into, as they are principally complaints, that certain. questions’ proposed-to the Court below were .not fully answered. The cause will be tried again, and that Court will have ah opportunity of giving a clear and decisive answer. But it may not be amiss perhaps, to repeat. on the present occasion,' a suggestion which this Court found it necessary to make, at their last sitting.at Lancaster. If the Judges of the Courts of Common Pleas, would make it a rule to give a full and distinct answer to each question proposed, without blending, the answers with their general charge to the jury, it would ■ prevent that uncertainty which sometimes occurs, and would render it impossible to omit an answer to any question. But the most careful Judge may chance to make an omission, when he undertakes to give a charge, which shall contain an answer to all the questions. For want of a precaution of this kind, we find ourselves under the painful necessity of reversing judgments, on ,points quite foreign.t®. the merits of the cause.
In the present case, I am of opinion that the judgment should be reversed, and a new trial ordered.
Judgment reversed, and a venire facias de nova awarded.